# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| YANCEY LAMARR WHITE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) CIVIL NO. 07-cv-882-DRH |
| | ) |
| W.A. SHERROD, *et al.*, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

This matter is before the Court on Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) and his amended application for a writ of habeas corpus (Doc. 4). Also before the Court is Petitioner's motion to proceed *in forma pauperis* (Doc. 3). Based on upon a review of the financial information submitted with it, Petitioner's motion to proceed *in forma pauperis* (Doc. 3) will be granted.

### BACKGROUND

Petitioner was sentenced to a total term of imprisonment of 120 months, followed by 8 years of supervised release, after a jury found him guilty of controlled substances offenses. *United States v. White*, No. 3:95-cr-30112-GPM. Petitioner was released from confinement on April 1, 2005, and began serving his term of supervision. *Id*. Petitioner asserts that he was arrested on May 29, 2005, on state criminal charges. Petitioner pleaded guilty to several state criminal charges and was sentenced to incarceration. *Id*. On July 24, 2006, Petitioner's federal supervised release was

revoked, and he was sentenced to a total term of 46 months, with no supervised release to follow. *Id.* Petitioner has filed a motion to vacate, set aside or correct his 46-month sentence which is currently pending before the Court. *White v. United States*, 3:07-cv-485-GPM.

Petitioner was confined at the Federal Correctional Institution located in Greenville, Illinois (FCI-Greenville). On October 20, 2007, Petitioner was issued a conduct violation for "making sexual proposals or threats to another." Petitioner was subsequently found guilty of the charge and his disciplinary sanctions included the loss of 27 days of good conduct time.[1]

**THE PETITION**[2]

In the instant habeas corpus petition, Petitioner asserts the following four claims:[3]

**CLAIM 1:** That his current 46-month federal sentence should be adjusted downward based on the recent actions of the United States Sentencing Commission (USSC) which reduced the disparity between sentences recommended by it for powder and crack cocaine in its advisory guidelines.

**CLAIM 2:** That 13 months he spent in state custody on the state charges should be credited against his current 46 month federal sentence.

**CLAIM 3:** That he is entitled to have good conduct time under 18 U.S.C. § 3524(b)(1) calculated on the basis of the term of imprisonment imposed by the sentencing court, not -as the Bureau of Prisons calculates - on the actual time Petitioner serves in prison.

**CLAIM 4**: That he was denied due process of law in connection with the disciplinary action taken against him at FCI-Greenville and, therefore, he is entitled to have the 27 days of lost good conduct time reinstated.

---

[1] Prisoners accrue good conduct time as provided by 18 U.S.C. § 3624(b)(1).

[2] As used in this Order, the petition consists of the original petition for a writ of habeas corpus (Doc. 1) and the amended petition for a writ of habeas corpus (Doc. 4).

[3] The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

**DISCUSSION**

**A. Claim 1.**

In Claim 1, Petitioner is not challenging the manner in which his 46-month sentence is being executed. Instead, he attacks the legality of his sentence on the basis of changes made by the USSC. Title 28 U.S.C. § 2255 provides the primary means of collaterally attacking a federal sentence. *United States v. Lloyd*, 398 F.3d 978, 979-80 (7th Cir. 2005). As noted above, Petitioner currently has a § 2255 action pending before the Court.

Furthermore, while a petition challenging a conviction may be brought pursuant to 28 U.S.C. § 2241 if the remedy provided by 28 U.S.C. § 2255 is inadequate or ineffective, *see Waletski v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994), there is no indication that the remedy provided by § 2255 is inadequate.

*In re Davenport,* 147 F.3d 605, 609-10 (7th Cir. 1998), the Seventh Circuit considered the meaning of "inadequacy" for purposes of § 2255. The Circuit stated that "[a] procedure for post-conviction relief can fairly be termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as **having been imprisoned for a nonexistent offense**." *Davenport,* 147 F.3d at 611 (emphasis added). The Circuit recently clarified this standard, stating that actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003).

Such is not the case here. Petitioner does not suggest that the charged conduct is no longer a crime. Instead, Petitioner relies on an amendment to the sentencing guidelines. Claim 1 is **DISMISSED** because § 2241 does not offer petitioner relief under the circumstances. The sentencing court - in this case the Honorable G. Patrick Murphy, United States District Judge - has jurisdiction to decide whether Petitioner's sentence should be modified based on the retroactive amendment to the guidelines for crack cocaine offenses. *See* 18 U.S.C. § 3582(c)(2). If Petitioner wishes to seek relief, he should do so by filing a proper § 3582 motion.

**B. Claim 2.**

Unlike Claim 1, Claim 2 attacks the manner in which the Bureau of Prisons is calculating the amount of time that Petitioner must spend in federal prison. As such, Claim 2 will not be dismissed at this time.

**C. Claim 3.**

In *White v. Scibana*, 390 F.3d 997 (7th Cir. 2004), a case in Petitioner was also a party, the Seventh Circuit rejected the same claim as is being raised in Claim 3 of the instant petition. Specifically, the Seventh Circuit found that the phrase "term of imprisonment" as used in 18 U.S.C. § 3624(b)(1) was ambiguous, and that the Bureau of Prison's interpretation of it was entitled to full deference. *White v. Scibana*, 390 F.3d at 999 - 1002. Consequently, Claim 3 of the petition is **DISMISSED.**

**D. Claim 4.**

A loss of good conduct credit, implicates a liberty interest because such a loss potentially affects the length of Plaintiff's sentence. As such, Claim 4 will not be dismissed at this time.

**E. Transfer of Petitioner**.

The Court notes that the instant habeas petition was filed while Petitioner was confined at FCI-Greenville. Petitioner, however, has since informed the Court that he has been transferred to the United States Penitentiary located in Coleman, Florida (USP-Coleman). Because petitioner filed the instant habeas action before his transfer, it appears Petitioner need not re-file his action in Florida. *See Ex parte Endo*, 323 U.S. 283 (1944); *Moore v. Olson*, 368 F.3d 757 (7th Cir. 2004).

**IT IS HEREBY ORDERED** that the motion for leave to proceed *in forma pauperis* (Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Claim 1 of the petition is **DISMISSED**, without prejudice.

**IT IS FURTHER ORDERED** that Claim 3 of the petition for a writ of habeas corpus is **DISMISSED**, with prejudice.

**IT IS FURTHER ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c),

*should all the parties consent to such a referral.*

**DATED:** June 26, 2008.

       /s/    DavidRHerndon
    **DISTRICT JUDGE**