IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**YANCEY LAMARR WHITE,**

Petitioner,

v.

**W.A. SHERROD,**

Respondent.                                                             No. 07-882-DRH

MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction and Background

Pending before the Court is Yancey Lamarr White's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). Specifically, White filed this petition challenging the Bureau of Prisons calculation of his time, namely that the 13 months he spent in state custody on the state charges should be credited towards his sentence of 46 months. White also challenges his loss of good conduct credit. Respondent filed a response (Doc. 13). White filed a reply (Doc. 14). Subsequently, Respondent also filed a supplement to his response arguing that White had been released from prison and that his petition was now moot (Doc. 15). Based on the following, the Court dismisses as moot White's petition.

After the briefing of White's petition was completed, White was released

from the custody of the Bureau of Prisons on November 30, 2009.[1]  He has not provided the Court with his new address as he is required to do.  Thus, the Court turns to address whether White's petition still presents a case or controversy after his release.

## II.  Analysis

Any petitioner who files his petition for habeas corpus relief while he is incarcerated is in "custody" within the meaning of the federal habeas corpus statutes. **Spencer v. Kemna, 524 U.S. 1, 6, 118 S.Ct. 978, 140 L.Ed. 2d 43 (1998)**.  This remains true even after an inmate is released.  **See Cochran v. Buss, 381 F.3d 637, 640 (7th Cir. 2004) ("[i]t has long been established that "custody" does not require physical confinement"); Phifer v. Clark, 115 F.3d 496, 500 (7th Cir. 1997)**.  Petitioners are therefore in "custody" when they are no longer confined by prison walls but are nevertheless serving a sentence that "involve[s] significant restraints on [their] liberty," such as a person on supervised release.  **Jones v. Cunningham, 371 U.S. 236, 249, 83 S.Ct. 373, 9 L.Ed. 2d 285 (1963)**.  White

---

[1] White's release information was provided by Respondent in his supplement. (*See* Doc. 15, Ex. 1).  *See also* http://www.bop.gov/iloc2/InmateFinderServlet?Transaction=NameSearch&needingMoreList=false&FirstName=Yancey&Middle=&LastName=White&Race=U&Sex=U&Age=&x=17&y=11.

was incarcerated at USP -Coleman.[2] He was released on November 30, 2009.[3] Although White has been released while his petition was still pending, his release does not necessarily render his petition moot.

The issue before the Court is therefore not whether White's petition is moot because he is no longer incarcerated, but whether there remains a "case and controversy" this Court can resolve. **See Spencer, 523 U.S. at 7 (noting "[t]he more substantial question, however, is whether petitioner's subsequent release caused the petition to be moot because it on longer presented a case or controversy under Article III, § 2 of the Constitution.")**. A federal court is not permitted to review moot cases due to "Article III of the Constitution which limits the exercise of judicial power to live cases or controversies." **A.M. v. Butler, 360 F.3d 787, 790 (7th Cir. 2004); Spencer, 523 U.S. at 7 (noting the "case or controversy requirement subsists through all stages of federal judicial proceedings")**. A federal court must therefore "dismiss a case as moot when it cannot give the petitioner any effective relief." **Butler, 360 F.3d at 790; see also North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (per curiam) (federal courts do not have the power "to decide questions that cannot affect the rights of litigants in the case before them."); Spencer, 523**

---

[2] At the time White initially filed his action, he was confined at FCI-Greenville. However, Petitioner was later transferred to USP-Coleman located in Coleman, Florida.

[3] It does not appear that White is currently on supervised release. When White was sentenced for the revocation of his supervised release, he was sentenced to 46 months imprisonment, with no supervised release to follow (See Doc. 7 p.2).

**U.S. at 7**.  Thus, in the habeas corpus context, a petitioner who is released from custody may continue to seek the writ only if the Court can offer relief because there are "collateral consequences - lingering disabilities of burdens" that exist.  ***D.S.A. v. Circuit Court Branch*, 942 F.2d 1143, 1146 (7th Cir. 1990)**.

Collateral consequences include repercussions such as the inability to hold public office, vote in state elections and serve as a juror.  ***See Carafas v. La Vallee*, 391 U.S. 234, 237-38, 88 S.Ct. 1556, 20 L.Ed.2d 554 (1968)**.  These consequences are presumed to exist when a habeas petitioner challenges his underlying criminal conviction.  ***Spencer*, 523 U.S. at 7-8, *Cochran*, 381 F.3d at 641.**  However, where a released petitioner does not challenge his underlying criminal conviction but only a parole revocation, such consequences are questionable and speculative, and no such presumption exists.  ***See Spencer*, 523 U.S. at 12-13.**

Here, the instant petition is moot because it presents no case or controversy as required under Article III.  White only challenges the manner in which the Bureau of Prisons calculated his sentence for his revocation (specifically that they did not take his time in state custody into account), as well as his loss of good conduct time.  However, since he has been released from custody, issues regarding the calculation of his sentence and loss of good conduct time are now moot.  The Court also cannot fathom any collateral consequence or disability that White might continue to suffer due to the alleged calculation errors and loss of good conduct time.  Therefore, there is no longer a case or controversy and White's petition is now moot.

### III. Conclusion

Accordingly, the Court **DISMISSES as moot** White's petition for writ of habeas corpus (Doc. 1). The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

**IT IS SO ORDERED.**

Signed this 5th day of May, 2010.

/s/ David R Herndon

**Chief Judge
United States District Court**